## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

ROBERT STONE,                          )
                                       )
                 Petitioner,     )
v.                                     )         No. 1:13-cv-059-TWP-TAB
                                         )
MR. HANKS, Superintendent,             )
                                       )
               Respondent.     )

### Entry Directing Further Proceedings

### I.

Habeas petitioner Robert Stone seeks a writ of habeas corpus with respect to his conviction in an Indiana state court of two counts of murder and one count of robbery as a class A felony. Stone's contention in support of his petition for a writ of habeas corpus is that there was insufficient evidence to support the jury's verdict.

A **copy** of the petition for a writ of habeas corpus **shall be included** with the petitioner's copy of this Entry.

### II.

Review of the habeas petition here is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004).

> Under [AEDPA] . . . , habeas relief may be granted only when a state court decision is Acontrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States@ or Awas based on an unreasonable determination of the facts in the light of the evidence presented.@ 28 U.S.C. ' 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000); *Morgan v. Krenke*, 232 F.3d 562, 565-66 (7th Cir. 2000).

> A decision is Acontrary to@ federal law when the state court applied a rule that Acontradicts the governing law@ set forth by the Supreme Court or if the state court reached a different outcome based on facts Amaterially indistinguishable@ from those previously before the Supreme Court. Williams, 529 U.S. at 405-06; *see also Calloway v. Montgomery*, 512 F.3d 940, 943 (7th Cir. 2008). A state court's application of clearly established federal law is unreasonable if it identifies the appropriate standard but applies it to the facts in a manner with which a reasonable court would disagree. *Williams*, 529 U.S. at 413; *Williams v. Thurmer*, 561 F.3d 740, 742-43 (7th Cir. 2009).

*Etherly v. Davis,* 619 F.3d 654, 661 (7th Cir. 2010).

Stone's habeas petition is clear as to the claim which is presented, but fails to address the basis for awarding that relief under § 2254(d) as outlined above. He will be given a period of time in which to supplement his habeas petition.

The petitioner shall therefore have **through March 19, 2013,** in which to **supplement** his petition for a writ of habeas corpus by doing the following:

> !      He shall identify in what sense, if any, the state court's adjudication of the claim(s) asserted in his petition for a writ of habeas corpus (i) resulted in a decision that was contrary to clearly established Federal Law, as determined by the Supreme Court of the United States or (ii) resulted in a decision which was an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States.

> !      He shall also identify in what sense, if any, the state court's adjudication of the claim(s) asserted in his petition for a writ of habeas corpus resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**IT IS SO ORDERED.**

Date: _____          02/26/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Note to Clerk:  Processing this document requires actions in addition to docketing and distribution.

**Distribution:**

**Robert Stone    #194745**
**Pendleton Correctional Facility**
**Inmate Mail/Parcels**
**4490 West Reformatory Road**
**Pendleton, IN   46064-9001**